776 F.2d 1304
 3 Fed.R.Serv.3d 321
 David W. WINTERS and Shelia Winters, Individually and his
Wife, and as Parents of the minor children, Daniel
and Matthew Winters, Plaintiffs- Appellants,
v.
TELEDYNE MOVIBLE OFFSHORE, INC., Defendant,
and
The Manitowoc Company, Inc., Defendant-Appellee.
 No. 85-3298
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 22, 1985.
 Richard A. Thalheim, Jr., Thibodaux, La., for plaintiffs-appellants.
 Thomas J. Wyllie, Michael D. Carbo, New Orleans, La., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.OPINION
 GARWOOD, Circuit Judge:
 
 
 1
 Appellants, David Winters and wife, plaintiffs below, appeal the dismissal under Fed.R.Civ.P. 4(j) of their diversity suit for damages against defendant-appellee The Manitowoc Company, Inc. ("Manitowoc"). We affirm.
 
 
 2
 The present diversity suit was filed by appellants in the United States District Court for the Eastern District of Louisiana on July 12, 1984 against Manitowoc and Teledyne Movible Offshore, Inc. ("Teledyne") as defendants, complaining of personal injuries received by plaintiff David Winters in a July 13, 1983 incident involving a crane manufactured by Manitowoc and being used by Teledyne, which was apparently David Winters' employer. No service of process having been made, Manitowoc, on January 14, 1985, more than 180 days after the suit was filed, moved for dismissal without prejudice under Rule 4(j). Thereafter, on February 19, 1985, Manitowoc was served by mail. The district court heard Manitowoc's motion to dismiss, after several postponements, on May 8, 1985 and granted the motion the same day, thus dismissing Manitowoc without prejudice. On May 15, 1985, appellants gave their notice of appeal.[1]
 
 
 3
 Under Rule 4(j), which became effective in February 1983,
 
 
 4
 "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." (Emphasis added.)
 
 
 5
 We note that by the terms of Rule 4(j), its "good cause" exception relates only to "why such service was not made within the [120-day] period." It does not relate to other reasons why the action should not be dismissed. Where the referenced good cause is not shown, the Rule states that "the action shall be dismissed" (emphasis added), indicating that in such circumstance dismissal is mandatory. See also 10 Wright & Miller, Federal Practice and Procedure: Civil Sec. 1138 at 261 (1985 Pocket Part) ("the action must be dismissed"); 96 F.R.D. 81 at 119 ("the court must dismiss the action"). Presumably, the 120-day period could be extended by the district court "in its discretion" under Fed.R.Civ.P. 6(b) "for cause shown," but if the extension were requested after the 120 days, a motion and showing that the failure to serve within that time "was the result of excusable neglect" would also be required. Rule 6(b)(2).[2] We further observe that the text of Rule 4(j) plainly places the burden on the plaintiff to show good cause. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985). Cf. 10 Wright & Miller, Federal Practice and Procedure: Civil Sec. 1165 at 621-22 (indicating that the burden is on movant for relief under Rule 6(b) to show both "cause" and "excusable neglect").
 
 
 6
 It would appear to be generally irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days. As noted, the only exception to Rule 4(j) dismissal is good cause for failure to serve within the 120 days. Later service or later knowledge by the defendant is irrelevant to that. Further, Rule 4(j) dismissal may be on the motion of the defendant not timely served, and the plaintiff is to be given an opportunity to show good cause (under Fed.R.Civ.P. 5, the plaintiff would have to be given notice of the defendant's motion; under Rule 4(j), when the action is on the court's initiative it must be "with notice"). If the defendant's mere becoming aware of the suit after the 120-day period precluded dismissal, then the "upon motion" provision of Rule 4(j) would be meaningless. Likewise, the fact that the plaintiff must be notified and given an opportunity to show good cause necessarily means that service after the 120-day period, where the delay is not excused by good cause, does not preclude dismissal, else dismissal under Rule 4(j) could almost never be effected even though there were a complete lack of good cause for the failure to timely serve. Certainly, nothing in the language of Rule 4(j) infers that a dismissal thereunder is improper merely because the defendant has been served after the 120-day period.
 
 
 7
 Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is normally required. 10 Wright & Miller Federal Practice and Procedure: Civil Sec. 1165 at 622 (emphasis added). The district court is clearly not compelled to accept a lesser "excusable neglect" showing. The Wei Court stated that "[t]he inadvertence of ... counsel ... does not qualify as good cause for ... failure to comply with Rule 4(j)." 763 F.2d at 372. Certainly, the district court does not have to accept such as constituting good cause. In any event, here the failure to serve appears to have been deliberate and without any reasonable justification.
 
 
 8
 In attempting to excuse their noncompliance with Rule 4(j), appellants call attention to the fact that on July 13, 1984, the day after they filed the present case (No. 84-3439 in the court below),[3] they also filed a suit on the exact same cause of action in the Louisiana state court against Manitowoc, Teledyne, and also Manitowoc Coastal State Sales and Services, Inc. ("Coastal"), which apparently sold the crane to Teledyne. Appellants served this state suit by mail on Manitowoc in July 1984. At some later time during 1984, just when is not disclosed by the record, Manitowoc (or it and Teledyne) removed the state court suit to the United States District Court for the Eastern District of Louisiana. The grounds for removal were apparently diversity, and seemingly included the contention that if Coastal were a Louisiana corporation for such purposes it had been fraudulently joined. The removed state suit is docket number 84-4255 in the court below, and apparently is still pending there. The removed suit was assigned to a different judge than the judge before whom the present case was pending.[4] Appellants do not contend, and did not contend below, that they were unable to effect timely service of the present suit on Manitowoc, or that they ever made any attempt to do so, or that they did not have the necessary information, or the like. Rather, their contention is, as it was below, that there was no need to incur "the added costs" of serving[5] Manitowoc since it had been timely served in the state suit, and the state suit had been removed to the same federal court as that in which the present suit was pending (although it was pending before a different judge), and the two suits were on precisely the same cause of action. However, appellants did not and do not claim that Manitowoc was ever aware (or that appellants believed it was aware), prior to January 1985, of the present suit (the initially filed federal suit, No. 84-3439); and Manitowoc has asserted that it did not become aware of the present suit until January 1985 when it "inadvertently stumbled upon it." Accordingly, the burden in this respect being on appellants, we assume that Manitowoc was not aware of the present suit until January 1985, that prior thereto appellants did not believe Manitowoc was aware of the suit, and that Manitowoc had no reason to be aware of it. Under these circumstances, no good cause for failure to effect timely service exists.
 
 
 9
 Appellants also urge that the dismissal has the practical effect of a dismissal with prejudice, only dismissal without prejudice being authorized under Rule 4(j), since limitations has run. Even laying aside that the removed suit (No. 84-4255) is apparently still pending, the fact that limitations has run does not prevent a Rule 4(j) dismissal. We so held in Redding v. Essex Crane Rental Corporation of Alabama, 752 F.2d 1077 (5th Cir.1985), with which appellants' counsel should be familiar. See also Wei, 763 F.2d at 372.
 
 
 10
 The dismissal is accordingly AFFIRMED.
 
 
 
 [1]
 We note, sua sponte, a matter respecting our jurisdiction. When the notice of appeal was given, appellants' suit was still pending against Teledyne, and no certification was made by the district court under Fed.R.Civ.P. 54(b). Ordinarily, this would require dismissal of the appeal. However, we are informed by both parties that the district court has now also dismissed this suit as against Teledyne. Accordingly, the suit is completely terminated and we have jurisdiction under the rule of Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir.1973). See, e.g., Sandidge v. Salem Offshore Drilling Co., 764 F.2d 252, 255 (5th Cir.1985); Martin v. Campbell, 692 F.2d 112, 114 (11th Cir.1982) (applying Fifth Circuit precedents)
 
 
 [2]
 See 10 Wright & Miller, Federal Practice and Procedure: Civil Sec. 1138 at 261 (1985 Pocket Part): "The time limits in Rule 4(j), although they are meant to be strictly enforced, are not unduly harsh, as the time may be enlarged by the court pursuant to Rule 6(b), if necessary." (Footnote omitted.)
 
 
 [3]
 Appellants say the state suit was filed July 13, 1984. Manitowoc indicated below that the state suit was filed July 19, 1984
 
 
 [4]
 In March 1985, on motion of Manitowoc apparently filed earlier that month in the removed case, the removed case was transferred to the judge before whom the present case (No. 84-3439) was pending. Thereafter, in April 1985, Manitowoc moved to consolidate the two cases. That motion was never acted on
 
 
 [5]
 In this regard, we note the availability of service by mail