Sally G. Gray, William M. Rainey, Gulfport, Miss., for defendants.

**Kathleen ATWOOD, Plaintiff,**

v.

**MEMORIAL HOSPITAL AT GULFPORT; Board of Trustees of Memorial Hospital At Gulfport; Members of the Board of Trustees, Wray Anderson, Mitchell Salloum, Jr., Shannon Waller, Edward Reid, Boyd Letcher, Jr.; W.R. Burton, Administrator of Memorial Hospital At Gulfport; Ollie Harwell; Gretchen Pilgrim, Director of Personnel for Memorial Hospital At Gulfport; Ted Badger, General Administrator for Memorial Hospital At Gulfport, Defendants.**

**Civ. A. No. S84–0641(NG).**

United States District Court,
S.D. Mississippi, S.D.

Dec. 15, 1986.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on the Motion to Dismiss of Defendants Memorial Hospital at Gulfport; Board of Trustees of Memorial Hospital at Gulfport; Members of the Board of Trustees, Wray Anderson, Mitchell Salloum, Jr., Shannon Waller, Edward Reid, Boyd Letcher, Jr.; W.R. Burton, Administrator of Memorial Hospital at Gulfport and Gretchen Pilgrim, Director of Personnel for Memorial Hospital at Gulfport. For the reasons that follow, the Court is of the opinion that the motion should be granted and the action dismissed without prejudice.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 13, 1984, Plaintiff filed her Complaint alleging *inter alia* that she was wrongfully terminated from her employment with Memorial Hospital at Gulfport in July of 1983. The Court is informed by these Defendants that service of process was not effected upon them until late November of 1985. The court file and record in this cause, however, contains no returns on any summonses issued to any of the

Defendants. The Answer of the Defendants/Movants was filed on January 31, 1986, and the instant Motion was filed on September 15, 1986.

## II.  LAW AND ANALYSIS

Rule 4(j) of the Federal Rules of Civil Procedure states in pertinent part:

> If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

In the case *sub judice*, the Plaintiff has failed to comply with the requirements of Rule 4(j) as service of process upon the Defendants was not effected within 120 days of the filing of the Complaint and no good cause for such failure has been shown.  Further, in accordance with Federal Rule of Civil Procedure 6(b), no motion was ever filed by the Plaintiff requesting additional time in which to complete service of process.

Plaintiff's Response to the instant Motion suggests she was granted an extension of time in which to effect service of process; however, the record in this matter contains no motion for an extension of time by the Plaintiff, no Order allowing an extension of time for completion of service of process, and no returns on any summonses issued to any of the movant Defendants. The letter dated October 21, 1985, (Exhibit "A" to Plaintiff's Response) from the Courtroom Deputy Clerk to Plaintiff's counsel advised her that "if service of process is not executed within thirty (30) days from this date, the case will be dismissed for lack of prosecution."  Plaintiff's counsel's letter dated December 6, 1985, (Exhibit "B" to Plaintiff's Response), addressed to the Courtroom Deputy Clerk represents that "process was served on the Defendants in this cause by Rule 4(c)(2)(C)(ii) on November 27, 1985.  While acknowledg-

ments have not been returned, all return receipts have been returned."  Thus, Plaintiff's counsel admits that process was not served within the thirty days indicated in the Deputy Courtroom Clerk's letter.  Rule 4(c)(2)(C)(ii) provides in pertinent part:

> If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

The court file in this cause .reflects no service on these Defendants pursuant to Rule 4(c)(2)(A) or (B).

The Court concludes that these Defendants are entitled to the protection afforded them under Rule 4(j) and that this case should be dismissed without prejudice for Plaintiff's failure to comply with its requirements.  A period of nearly seventeen months elapsed between the time of the filing of the Complaint and the first notice of service to the movant Defendants by way of service of process.  The Plaintiff has offered no excuse for her failure to even attempt service of process within the 120-day period outlined in Rule 4.  It is the Court's determination that no good cause has been shown by Plaintiff for not adhering to the provisions of Rule 4(j) and that this case should be dismissed without prejudice.  *See Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985).

Counsel for the movants Defendants shall submit a Judgment consistent with the findings in this Opinion within ten (10) days from the date hereof.