898 F.2d 466
 16 Fed.R.Serv.3d 247
 Peggy Rugh McDONALD, Valerie L. McDonald, Michelle K.
McDonald Hamilton, Kimberly S. McDonald, Lisa Dawn
McDonald Fitzgerald, heirs at Law of
Raymond L. McDonald, Deceased,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-4510.
 United States Court of Appeals,
Fifth Circuit.
 April 18, 1990.
Rehearing Denied June 21, 1990.
 
 William T. Reed, Pascagoula, Miss., for plaintiffs-appellants.
 Stephen R. Graben, Asst. U.S. Atty., George Phillips, U.S. Atty., Biloxi, Miss., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before GEE, GARZA and DAVIS, Circuit Judges.
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 Peggy McDonald appeals the dismissal of her suit against the United States for failure to serve the U.S. Attorney, as required by Fed.R.Civ.P. 4(d)(4). We affirm.
 
 I.
 
 2
 Peggy McDonald brought this action under the Federal Tort Claims Act alleging that her husband had died as a result of negligent medical treatment at the hands of an Air Force physician. McDonald sent a copy of her petition by certified mail to the United States Attorney General, the United States Attorney for the district in which she had brought suit, and the local Assistant United States Attorney. Although McDonald also sent an acknowledgment of service form to each, none was executed and returned.
 
 
 3
 The United States included the defense of insufficiency of process in its answer. The case then proceeded toward trial with the United States engaging in discovery and agreeing to a scheduling order. One hundred and twenty-six days after suit was filed, the United States sought dismissal under Rule 4(j). The trial court found that the United States had not been properly served and that McDonald had not shown good cause for the lack of service. The court dismissed the case and McDonald appealed.
 
 II.
 
 4
 Rule 4(j) requires dismissal of a defendant who has not been served within one hundred and twenty days after the complaint is filed unless "good cause" is shown. McDonald concedes that the United States was not properly served within the one hundred and twenty-day period, but argues: (i) the United States waived the defect in service; and (ii) the trial court abused its discretion by not finding good cause for McDonald's failure to serve.
 
 
 5
 We can quickly dispense with McDonald's first argument. The United States preserved its objection to the sufficiency of process by asserting the defense in its answer. See Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir.1988). Hence, the only real question on this appeal is whether McDonald had good cause for not serving the United States within the prescribed period.
 
 
 6
 Because Rule 4(j) was added a relatively short time ago, "good cause" is not yet fully defined in this circuit. However, we have equated good cause with "excusable neglect," and noted that "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice," and that "some showing of 'good faith ... and [a] reasonable basis for noncompliance within the time specified' " is necessary to show good cause. Winters v. Teledyne, 776 F.2d 1304, 1306 (5th Cir.1985) (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure: 1165 (2d ed. 1987)). We review the trial judge's determination of "good cause" or lack thereof under an abuse of discretion standard. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir.1985).
 
 
 7
 McDonald argues that the United States, by engaging in discovery and participating in scheduling, misled her attorney into believing that service was completed; hence, she argues, good cause existed for her failure to serve the United States within the prescribed period. However, this circuit has indicated its unwillingness to consider ignorance of deficient service a "good cause" for failure to serve properly where the defendant has clearly raised the insufficiency of service in its answer. See Way, 840 F.2d at 306. McDonald does not contend that the United States took affirmative steps to mislead her; rather, she contends that by proceeding with the case in the usual manner after it raised the insufficiency of process defense, the United States duped her into believing that it would not press that defense. We cannot say that the trial court abused its discretion in failing to find good cause where the defendant clearly raised its defense of inadequate service and then proceeded to defend the case without doing anything in particular to mislead the plaintiff into believing that it had given up that defense.
 
 
 8
 McDonald also suggests that the United States somehow evaded service by refusing to execute and return the acknowledgment of service, and therefore that she had good cause for failing to complete service within 120 days. We cannot agree. First of all, only individuals and foreign or domestic corporations may be served by mail and acknowledgment under Rule 4(c)(2)(C)(ii). See Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir.1985). The United States does not fit into either category. See 4A C. Wright & A. Miller, Federal Practice and Procedure: 1092.1 (2d ed. 1987). But even if the United States could be served by mail, no party is required to return the acknowledgment and thus submit to mail service. The only penalty Congress intended for a party that fails to return the acknowledgment is that the party pay the costs of personal service. See Combs v. Nick Garin Trucking, 825 F.2d 437, 447 (D.C.Cir.1987); 2 J. Moore, J. Lucas, H. Fink, C. Thompson, Moore's Federal Practice, 4.08 (2d ed. 1989). For these reasons, we reject McDonald's argument.
 
 
 9
 McDonald's remaining arguments have already been expressly rejected by this circuit. For example, while McDonald emphasizes that the United States was properly served a short time after the 120 day period elapsed, we have held that "[l]ater service ... is irrelevant" to whether good cause existed during the 120 day period. Winters, 776 F.2d at 1306. McDonald also cites the fact that the limitations period has run on her claim and hence dismissal denies her any relief; but we have noted that Rule 4(j) dismissal is not unwarranted simply because the limitations period has run. Winters, 776 F.2d at 1307. McDonald asserts that because a certified mail receipt was returned to her attorney, the attorney believed that service had been completed; but we have made it very clear that ignorance of the rules of proper service is not good cause. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir.1988).
 
 
 10
 McDonald failed to complete service within 120 days, failed to persuade the district court that good cause existed, and has now failed to persuade us that the district court abused its discretion in so finding.[1] We therefore affirm the dismissal.
 
 
 11
 AFFIRMED.
 
 
 12
 GARZA, Circuit Judge, dissenting.
 
 
 13
 I respectfully dissent.
 
 
 14
 There is no question that Peggy McDonald failed to serve the United States Attorney personally within the 120 day period prescribed by Rule 4(j). Rather, I ask only if good cause existed for that delay, and I find that it did.
 
 1. Pursuing Discovery
 
 15
 The U.S. Attorney, Stephen Graben, received in fact McDonald's complaint and summons by mail, and answered timely. In that answer, he pointed out the defect in service, which was proper. But he then began to engage in discovery in earnest. He not only entered into an agreed scheduling order, but propounded interrogatories and scheduled depositions: he affirmatively pursued the lawsuit. The district court held that Graben had properly preserved his objection to service and had not waived that objection by engaging in discovery. In support of that holding, the court below cited two district court cases, neither of which address the issue before us today or support the majority's opinion.
 
 
 16
 In Atwood v. Memorial Hospital at Gulfport, 115 F.R.D. 489 (S.D.Miss.1986), the defendant preserved his objection as to service in his answer, but did not engage in discovery before moving for dismissal. In Snodgrass v. Roberts Dairy Co., 82 F.R.D. 626, 629 (D.Neb.1979), the defendant preserved his objection by his answer, but later engaged in court-ordered discovery by answering interrogatories propounded to help the plaintiff locate proper defendants; he did not affirmatively engage in discovery of his own. The court found that he had not thereby waived the objection, as he had answered at the direct order of the court and had been expressly assured that answering would not prejudice his objection to service.
 
 
 17
 Neither of these cases, and no other cases found, address the precise facts of our problem. But many cases warn defendants that they may not lull plaintiffs into believing service has been accomplished. They may not "halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit...." Broadcast Music, Inc. v. M.T.S. Enterprises, 811 F.2d 278, 281 (5th Cir.1987). See, also, Vance v. U.S., 126 F.R.D. 14 (E.D.N.Y.1989); Gordon v. Hunt, 116 F.R.D. 313 (S.D.N.Y.1987); Ditkof v. Owens-Illinois, Inc., 114 F.R.D. 104 (E.D.Mich.1987).
 
 2. Return of Acknowledgement
 
 18
 It is clear that a defendant who evades service cannot then argue that service was not timely. 1982 U.S.Code Cong. & Admin.News at 4434, 4446 n. 25; 96 F.R.D. at 122 n. 25. At oral argument, Graben stated firmly to the Court that it is the policy of the U.S. Attorney's office not to execute the return of service provided for in Fed.R.Civ.Proc. (4)(c)(2)(C)(ii). In essence, that office does not accept the Federal Rules' allowance of service by mail.
 
 
 19
 Not only is it poor form for the U.S. government's own attorneys to make a policy of refusing service by mail, but this court and others have stated that intentional failure to execute a return of service may constitute evasion of service. Norlock v. City of Garland, 768 F.2d 654, 657 (5th Cir.1985); Prather v. Raymond Construction Co., 570 F.Supp. 278, 282 (N.D.Ga.1983). But see, contra, Delta Steamship Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir.1985). In Morse v. Elmira Country Club, 752 F.2d 35, 39-41 (2d Cir.1984), the Second Circuit held that the acknowledgment form goes only to proof of service, and that received but unacknowledged mail service is effective.[1]
 
 
 20
 The record before us does not reflect whether or not McDonald's counsel included the proper acknowledgment forms when the complaint and summons were first sent to the government. But Graben admitted candidly at oral argument that, even if the proper forms had been included, his office would not have returned the acknowledgment. In the words of the district court in this cause, "[s]uch activity is financially unsound." Memorandum Opinion at p. 4.
 
 3. Abuse of Discretion
 
 21
 We are to review the district court's dismissal under an abuse of discretion standard. Fournier v. Textron, 776 F.2d 532, 534 (5th Cir.1985). We are also to look at three "aggravating factors" to decide whether to uphold a dismissal for delay of service: first, the extent to which the plaintiff rather than his counsel is personally liable for the delay; second, the degree of prejudice to the defendant; third, whether the delay is the result of intentional conduct. Id.
 
 
 22
 Here, McDonald is not at fault in any way for the delay, but she would be the party to suffer from a dismissal. Further, Graben admitted at oral argument that the government was not in the least prejudiced by the 18-day delay in service. Finally, it cannot be said that the delay was intentional; rather, it was the by-product of the government's engaging in discovery and otherwise acting in a manner inconsistent with one contesting jurisdiction.
 
 
 23
 When McDonald requested a Rule 6(b) extension of time to make her service of the U.S. Attorney timely, the district court should have granted it. McDonald had made a more-than-colorable effort to serve the proper parties, and the U.S. Attorney had been less than honorable in his pursuit of the case. Given that, Congress clearly intended that a "court would undoubtedly permit such a plaintiff additional time within which to effect service." 1982 U.S.Code Cong. & Admin.News at 4442.
 
 
 24
 The district court's failure to grant that extension, and its dismissal of this cause, were an abuse of the court's discretion. I would reverse the dismissal and remand the cause to give Peggy McDonald her day in court.
 
 
 
 [1]
 The dissent relies on the absence of "aggravating factors" in this case. See, e.g., Fournier v. Textron, 776 F.2d 532, 534 (5th Cir.1985). These factors were developed under the law as it existed before Rule 4(j) was enacted. Under Rule 4(j), dismissal for delayed service is not left to the general discretion of the district court; dismissal is mandatory unless "good cause" is shown. See Winters, 776 F.2d at 1305. Hence, insofar as dismissal under Rule 4(j) is concerned, the only consideration is "good cause," and therefore these "aggravating factors" have no relevance. Consistent with this, we have never relied on the "aggravating factors" when reviewing Rule 4(j) dismissals
 
 
 [1]
 The Third and Fourth Circuits disagree with the Second. Stranahan Gear Co. v. NL Industries, 800 F.2d 53, 56-58 (3d Cir.1986); Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir.1984). See also, Report on the Service of Process by Mail, 116 F.R.D. 169, 173 (1987)