**Daryn TRAINA, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–3129.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1990.

Rehearing Denied Oct. 18, 1990.

Russell S. Stegeman, William J. Perry, Stegeman & Falcon, Gretna, La., for plaintiff-appellant.

Jill L. Ondrejko, John Volz, U.S. Atty., New Orleans, La., for defendant-appellee.

Before GEE, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Daryn Traina filed a complaint alleging a slip and fall at the Navy Exchange Cafeteria in New Orleans. On July 18, 1989, Traina's attorney went to the United States Marshals' Service to have the complaint served on the Attorney General of the United States. On July 21, 1989, the U.S. Marshals' Service mailed the complaint to the Attorney General by certified mail Number P 088 028 575. As matters fell out, however, the complaint was not delivered to the Attorney General, but rather to an address in New Orleans, as is shown on the return receipt for Article Number P 088 028 575.

In its answer to the complaint, the United States asserted as its first defense that service of process was insufficient. This answer was filed with the district court on October 18, 1989, well within the 120 days prescribed by Rule 4(j) for service of a complaint following filing. Upon expiration of the 120 days, the United States filed its motion to dismiss based on the failure of service of process. Traina filed an opposition to this motion, asserting that proper service was made, and a motion for sanctions under Rule 11. The Government filed its opposition to Traina's motion for sanctions, asserting that the motion was frivolous and suggesting that sanctions against Traina's counsel might be imposed.

The district court granted the Government's motion for dismissal and imposed sanctions against Traina's counsel. The district court ordered Traina's counsel to bear the Government's cost of responding to the motion for sanctions under Rule 11. As a result, the Government submitted its motion for costs in the amount of $335.63. Traina's counsel filed no response and the district court granted the motion. Traina appeals both the dismissal and the order awarding costs, and we affirm.

### Analysis

Rule 4(j) of the Federal Rules of Civil Procedure requires the dismissal of an action if service is not made upon the defendant within 120 days after the filing of the complaint. *See Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985). The district court found as a fact that Traina did not serve the Attorney General of the United States with her complaint. As we note above, the return receipt associated with the certified mailing of the complaint was delivered to a local New Orleans address and not to the Attorney General of the United States in Washington, D.C. Traina does not dispute this factual finding.

Even though timely service was not effected, the district court correctly noted that it could extend the time for service if Traina could show that the failure to execute proper service within the 120 days was the result of excusable neglect. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985). The district court found, however, that Traina did not show good cause for the failure to effect service timely.

Traina complains on appeal that the district court abused its discretion by not allowing her additional time to show excusable neglect following the factual finding

that service was not made. Traina has offered no support for this position. Our Court, in *Systems Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011 (5th Cir.1990), upheld the dismissal of a pro se plaintiff's suit without such an extension. In *System Signs Supplies*, the pro se plaintiff twice attempted service within the 120 day period and was alerted to the deficiencies in the service by the Assistant United States Attorney. *Id.*, at 1013–14. This Court held that since the plaintiff "had ample notice of the defect in service, ... did not attempt correction within the statutory period[,]" and "chose to dispute the validity of service[,]" it could not be said "that the district court abused its discretion in dismissing the case."

■■■ In this case, Traina was not proceeding pro se but was represented by counsel. The Government's answer to the complaint put Traina on notice that service of process was insufficient. This notice was given well in advance of the expiration of the 120 day time limit. On appeal, Traina's counsel asserts that he placed a telephone call to the U.S. Marshals' Service to verify proper service and was assured that service was made. In view of this, Traina took the position that service was valid, attempted no remedial action to cure the failure of service, and allowed the time limit to pass. Traina continued to assert that service had been made in her response to the Government's Motion to Dismiss. The district court noted that Traina "relied exclusively on her assertion that the Attorney General was served" and made "no suggestion of good cause for the failure to effect service." Additionally, in assessing sanctions against Traina's counsel, the district court found that had a diligent inquiry been made, counsel could have discovered that service was not made. Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the 120 day period for service. *McDonald v. United States*, 898 F.2d 466 (5th Cir.1990).

From the holding in *Systems Signs Supplies*, that it was not an abuse of discretion to dismiss the suit of a pro se plaintiff for erroneous reliance on invalid service after receiving notice of the defect, it necessarily follows that it is not an abuse of discretion to dismiss the suit of a represented party on the same grounds.

■■■ Traina also suggests that the district court abused its discretion by dismissing her suit without prejudice, since the suit could not be refiled because it would be time barred. It is well settled that inability to refile a suit does not bar dismissal under Rule 4(j). *McDonald*, 898 F.2d at 468; *Winters*, 776 F.2d at 1307.

While it appears that the circumstances of this case would have allowed the district court to circumvent the mandate of Rule 4(j) and grant an extension of the 120 day service period, there is no factor present in the case that requires the granting of such an extension. Therefore, the district court did not abuse its discretion in dismissing Traina's suit for lack of service.

Traina's counsel next objects to both the imposition and the amount of the sanctions imposed by the district court. In reviewing the imposition of sanctions, an appellate court shall not "usurp the discretion of the district courts[,]" but shall only measure the imposition of sanctions against an abuse of discretion standard. *Thomas v. Capital Security Serv., Inc.*, 836 F.2d 866, 872–73 (5th Cir.1988) (en banc).

■■■ With respect to the imposition of sanctions under Rule 11, Traina's counsel asserts that the district court abused its discretion. Counsel argues that the district court did not make a sufficient factual inquiry to impose sanctions. This argument has no merit. The district court reasoned that had Traina's counsel conducted a reasonable inquiry as to the failure of service of process, the basis for the Government's motion to dismiss, he would have found that service had in fact not been made. There was no dispute about the authenticity of the return receipt produced by the Government. It is reasonable to infer that Traina's counsel could have discovered the receipt had he diligently attempted to do so. *Thomas*, 836 F.2d at 873–76. As such, the facts available to the district court

were more than sufficient to allow the imposition of sanctions pursuant to Rule 11.

 Traina's counsel also alleges that the district court abused its discretion by imposing monetary sanctions upon him when the district court had earlier in the proceedings sanctioned the attorney for the United States under Rule 11 in a different manner. This argument is also without merit. In choosing appropriate sanctions for Rule 11 violations the district court has broad discretion and should impose the least severe sanction sufficient to serve the purpose of Rule 11. *Thomas,* 836 F.2d at 878. Traina's counsel does not contend that the monetary sanction was inappropriate for his transgression; instead, he complains that a less severe sanction was imposed on opposing counsel. The record shows that this is untrue. Earlier in the litigation, the Assistant United States Attorney handling this case was sanctioned by written order in the following way:

> Counsel is admonished about her reliance on [[inapplicable case law] and is warned that her advocacy will receive strict scrutiny in future cases.... counsel is hereby reprimanded for what was at the least a careless reading of the case law. She is ordered to show a copy of this Order and Reasons to her supervisor and to certify to the Court that she has done so.

To characterize the above reprimand, as does appellant, as "to simply admonish" is an absurd understatement. In our view, the above reprimand was significantly more severe than the relatively insignificant sum assessed against Traina's counsel. *See, Thomas,* 836 F.2d at 878. No abuse of discretion by the district court is shown.

 As for the amount of the sanction, Traina's counsel did not oppose the Government's motion for costs and therefore did not raise this issue at the district court level. We have held that an opposition to a motion for costs cannot be raised for the first time on appeal. *St. Amant v. Bernard,* 859 F.2d 379, 385 (5th Cir.1988). Traina's counsel cannot raise this issue on appeal. Indeed, that he cannot do so is sufficiently apparent that he should think himself fortunate in suffering no further impositions.

AFFIRMED.