952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reva Jane SWEENEY, Plaintiff-Appellant,
v.
Arnold W. KALMANSON; United States of America; Attorney
General of the State of Maryland; United States
Department of the Army, Defendants-Appellees.
 No. 91-2092.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Dec. 17, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. (CA-90-2793-JH), Joseph C. Howard, District Judge.
 P. Paul Cocoros, Law Offices of P. Paul Cocoros, Baltimore, Md., for appellant.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Reva Jane Sweeney filed an action under the Federal Tort Claims Act in the district court on October 26, 1990. On March 11, 1991, the district court ordered Sweeney to show cause why the case should not be dismissed for failure to serve the Defendants within 120 days as required by Fed.R.Civ.P. 4(j) and Md.Local R. 103.8.a. Sweeney filed a response to the order,[1] stating that the parties were attempting to negotiate a settlement, that her counsel was unable to contact her regarding a prospective settlement, and that she had not been able to serve the Defendants within the required time.[2] The district court found that the reasons stated by Sweeney were insufficient, and the court dismissed the case without prejudice. Finding no error, we affirm.
 
 
 2
 Rule 4(j), Fed.R.Civ.P., and Md.Local R. 103.8.a both provide that the summons and the complaint are to be served on the defendants within 120 days after filing of the complaint. If the plaintiff cannot show good cause why the complaint should not be dismissed, the district court must dismiss the action sua sponte. Dismissal is mandatory absent a showing of good cause. Powell v. Starwalt, 866 F.2d 964 (7th Cir.1989). Dismissal under Fed.R.Civ.P. 4(j) is reviewed for abuse of discretion. Whale v. United States, 792 F.2d 951 (9th Cir.1986); Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965 (1987).
 
 
 3
 In this case, the district court's show cause order was filed 136 days after the complaint was filed. The complaint was dismissed 171 days after it was filed. Sweeney clearly failed to serve the Defendants within 120 days after filing the complaint. Therefore, the district court was required to dismiss the case absent a showing of good cause for the delay.
 
 
 4
 Sweeney's response to the district court's show cause order did not allege any extenuating circumstance which should have excused her failure to timely serve the defendants. She claimed only that her attorney was unable to contact her regarding settlement negotiations, and that she was unable to serve the Defendants, though she did not state a reason for that inability. First, her attorney's inability to contact her regarding ongoing settlement negotiations is not good cause for failing to serve the Defendants.
 
 
 5
 To the extent that Sweeney asserts, without supporting factual allegations, that she was unable to serve the Defendants, that assertion is not sufficient to constitute good cause for delay. First, Sweeney gives no reason for her inability to locate the United States Attorney for the District of Maryland, the person to be served on behalf of the United States, the United States Attorney General,[3] and the Department of the Army. See Fed.R.Civ.P. 4(d)(4), (5). She has also failed to give any reason for her inability to locate Defendant Kalmanson or the Maryland Attorney General. Neither inadvertence or mistake of counsel, nor ignorance of the rules, constitutes cause for delay. McDonald v. United States, 898 F.2d 466 (5th Cir.1990).
 
 
 6
 We hold that the district court did not abuse its discretion in finding that Sweeney did not establish good cause for failing to serve the Defendants within the time limit prescribed by Fed.R.Civ.P. 4(j) and Md.Local R. 103.8. Therefore, we affirm the district court's order dismissing this case without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The response is not in the appendix. However, in her brief Sweeney states simply that:
 [T]he parties began negotiations that appeared to favor a settlement. However, Plaintiff's counsel was unable to contact the Plaintiff concerning the negotiations. In addition, counsel for the Plaintiff was unable to effect service on the Defendants within the required time.
 
 
 [2]
 The district court docket sheet reflects that Sweeney did not move for an extension of time to serve the Defendants
 
 
 [3]
 Sweeney named as a Defendant the United States Attorney General. The district court docket sheet erroneously substituted the Maryland Attorney General as a party. We have considered the United States Attorney General as the named Defendant