IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-4870
Conference Calendar
_____

LORA MAE PETERS ET AL.

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana

- - - - - - - - - -
October 27, 1993

Before POLITZ, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Lora Mae Peters and her children filed a wrongful-death action against the United States following the death of Mrs. Peters's husband in a Veterans Administration hospital. The district court dismissed the action because the plaintiffs failed to serve the United States Attorney within 120 days of filing the complaint. Because the statute of limitations has expired, the dismissal operates as a dismissal with prejudice.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Service on the United States is accomplished by "delivering" a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General and any applicable officer or agency. See Fed. R. Civ. P. 4(d)(4). If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. Id. at 4(j). To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotations and citation omitted). This Court reviews a Rule 4(j) dismissal for an abuse of discretion. Id.

This Court has rejected the argument that service on the United States Attorney by certified or registered mail is sufficient under Rule 4(d)(4). See McDonald v. United States, 898 F.2d 466, 467-68 (5th Cir. 1990). The Court also has rejected the contention that the improper service is cured by untimely personal service of the complaint, even if the United States Attorney has actual notice of the action. Id. at 468. Finally, a Rule 4(j) dismissal is proper even if the limitations

period has run.  Id.  The district court did not abuse its discretion by dismissing the plaintiffs' action.

The plaintiffs also argue that Rule 4(d)(4) as applied is unconstitutional.  They contend that the dismissal "places form over substance resulting in an unconstitutional denial of access to the court and a deprivation of property without due process of law."  The plaintiffs cite no authority to support their proposition that the rule as applied is unconstitutional.

This Court has held that Rule 4(d)(4) is easily understandable and not unconstitutionally vague.  See King v. Stone, No. 92-7551 (5th Cir. Feb. 3, 1993) (unpublished; copy attached).  In King the Court also stated that although the operation of the rule may be harsh, "[t]his is the scheme that Congress has devised, [] and a party's failure to comply with the express requirements of the applicable rules can result in substantial prejudice."  Id.  The plaintiffs' constitutional challenge to the rule as applied is meritless.

AFFIRMED.


IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 92-7551
Summary Calendar
_____


LE ROY CHESTER KING, JR.,

Plaintiff-Appellant,

VERSUS

MICHAEL P.W. STONE,
Secretary, Department of the Army Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(CA-W91-0061(B))

_____

(February 3, 1993)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[**]

The plaintiff, Le Roy King, filed this title VII complaint on June 19, 1991, against the Secretary of the Army, asserting that his five-day suspension was occasioned by racial discrimination. On December 30, 1991, having failed to effect service of process, he was granted until January 10, 1992, to serve process.

Returns of service were filed on January 13, 1992, stating that process had been sent by certified mail to the Attorney General of the United States, an Army Corps of Engineers attorney, and the Secretary of the Army in care of the United States Attorney. On January 16, 1992, returns were filed stating that process had been sent by certified mail to the United States Attorney and the Secretary of the Army.

---

[**] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

The district court granted the defendant's motion to dismiss for failure to effect proper service of process as required by FED. R. CIV. P. 4(d)(4), i.e., failure to obtain personal service upon the United States Attorney or an Assistant United States Attorney or a clerical employee designated by the United States Attorney to receive service of process.  King does not claim that he complied with rule 4(d)(4) but asserts, instead, that it is unconstitutionally vague.

Even assuming, arguendo, that the vagueness doctrine applies to this rule, the rule is easily understandable.  As the defendant states, "Rule 4 itself should be clear to anyone who takes the trouble to read the entire rule.  ... Clearly the United States and its officers are covered by [rule] 4(d)(4) and (5) and not by 4(d)(1) or (3).  Thus the rule is clear that the United States and its officers are not covered by the provision which allows mail service."

King also argues that it is unfair to dismiss his complaint because it is now barred by limitations.  This is the scheme that Congress has devised, however, and a party's failure to comply with the express requirements of the applicable rules can result in substantial prejudice.  The judgment of dismissal is AFFIRMED.