**In re Silvio DOHRING, Debtor.**

**Lori Lynette Ruthe, Plaintiff,**

**v.**

**Silvio Dohring, Defendant.**

**Bankruptcy No. 399–33188–RCM–13.**
**Adversary No. 99–3358.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 14, 2000.

---

Curtis E. Wallum, Robert W. Rucker, Dallas, TX, for Debtor/Defendant.

Vicki Thornton Redden, Dallas, TX, for Plaintiff.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

On January 10, 1999, came to be heard the Motion of debtor Silvio Dohring ("Defendant" or "Debtor") to dismiss the above-styled adversary proceeding. Lori Lynette Ruthe ("Plaintiff") opposed such dismissal. This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(I). The foregoing and following are the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## Background

The Bankruptcy Rule 4007 deadline for filing a § 523 complaint in this case was August 3, 1999. On July 23, 1999, Plaintiff filed an adversary proceeding to determine the dischargeability of two debts under § 523; one, an assault and battery judgment under § 523(a)(6), and the other, a § 523(a)(15) count. Thereafter, on July 23, 1999, Plaintiff had a summons issued. The summons was not served on the Defendant or his attorney until sometime on or after September 10, 1999. The Plaintiff's Certificate of Service attesting that the summons was served is dated September 13, 1999. Debtor received his discharge on September 3, 1999. On October 4, 1999, Defendant filed a motion to quash summons, objection to adversary proceeding, motion to dismiss the adversary proceeding., and answer subject thereto.

## The Issues

■ The first stated basis of the motion to dismiss is that since the Debtor received his discharge, the § 523 adversary is moot.

Debtor misconstrues the effect of a discharge. A discharge, when issued, specifically excludes from its effect any timely § 523 complaints.

■ The summons, as served, was expired and therefore service of it was a nullity and should be quashed.

■ The next issue is whether Plaintiff should be permitted to obtain an alias summons under Bankruptcy Rule 7004(e), and serve same, notwithstanding 120 days had elapsed since the filing of the complaint, contrary to F.R.C.P. 4(m) incorporated in Bankruptcy Rule 7004 by 7004(a).

In the present matter, the Plaintiff's attorney did not state why the summons was not served on the Defendant within 10 days of issuance. In September, upon discovering that the summons was not served, Plaintiff's attorney simply served the expired summons. When asked why she did

not get a new summons, as she would have been entitled to by Bankruptcy Rule 7004(e), she stated that she did not realize that there was a need for a new summons.

### Case Law Prior to 1993[1]

### (December 1, 1996 in Bankruptcy)

Prior to 1993, a finding of good cause was a requisite to a court's extending time of service. *See McDonald v. United States*, 898 F.2d 466, 467 (5th Cir.1990) ("Rule 4(j) requires dismissal of a defendant who has not been served within one hundred and twenty days after the complaint is filed unless 'good cause' is shown.").[2] In the Fifth Circuit, "good cause" had been equated with excusable neglect. *Id.* Inadvertence, mistake or ignorance of counsel did not establish good cause. *Id.; see also McGinnis v. Shalala*, 2 F.3d 548 (5th Cir.1993). A reasonable basis for noncompliance within the time specified had to be shown. See *Parson v. Cole (In re Cole )*, 142 B.R. 140 (Bankr. N.D.Tex.1992) (citing *McDonald* ). The preclusion of suit due to a statute of limitations problem or actual notice of the suit by opposing counsel was not determinative of good cause. *See McDonald*, 898 F.2d at 468; *McGinnis*, 2 F.3d at 551.

### Case Law Subsequent to 1993 Amendments

### Effective December 1, 1996 in Bankruptcy

*See* footnote 1.

■ A finding of good cause is no longer necessary for a court to extend the time of service. The 1993 Amendments to Fed. R.Civ.P. 4(m) now reads:

**Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

■ The Advisory Committee Notes on the 1993 amendment to Fed.R.Civ.P. 4(m) state, in part:

**Subdivision (m).** This subdivision retains much of the language of the present subdivision (j).

*The new subdivision* explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and *authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. E.g., Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104 (E.D.Mich.1987).

(emphasis added). Allowing an extension without a finding of "good cause" is within the discretion of the trial court "even when a plaintiff fails to show good cause." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996), citing, among other cases, *Petrucelli*, 46 F.3d 1298, 1304 (3rd Cir.1995).

*Barr v. Barr (In re Barr)*, 217 B.R. 626, 629 (Bankr.W.D.Wash.1998).

---

**1.** Effective December 1, 1996, Fed.R.Civ.P. 4(m) was added with several other amendments to Rule 7004 to conform the Rule to the 1993 revisions to Fed.R.Civ.P. 4. The 1993 amendment of Fed.R.Civ.P. 4 not only altered the rule's language, but also moved and redesignated subsections within the rule.

**2.** As indicated, Fed.R.Civ.P. 4(j) was amended in 1993. Most of the former 4(j), including the relevant 120 day language is now found in 4(m).

In *Barr v. Barr (In re Barr)*, 217 B.R. at 630, the court stated:

Several bankruptcy courts have taken the position asserted by the Plaintiff that the expiration of the bar date or statute of limitations justifies granting a plaintiff additional time to effectuate proper service. *[In re] Deresinski*, 214 B.R. [35] at 38 [(Bkrtcy.M.D.Fla.1997)]; *Smith v. Hamrah (In re Hamrah)*, 174 B.R. 109, 112 (Bankr.W.D.Mo.1994). Other courts have taken the position that this is only one factor that a court should consider, and that this fact alone does not require a court to extend the time for service of process. *Panaras v. Liquid Carbonic Indus., Corp.*, 94 F.3d 338, 341 (7th Cir.1996); *Petrucelli [v. Bohringer]*, 46 F.3d [1298] at 1305–06 [(3rd Cir.1995)]. The Ninth Circuit has not yet taken a position on this issue.

This court agrees with the position taken by the Third and Seventh Circuits that the expiration of a bar date or statute of limitations is only one factor that should be considered, but the expiration of the bar date or statute of limitations by themselves does not require a court to grant an extension of time to file and serve a complaint. A contrary conclusion would undermine one of the underlying purposes of bankruptcy, which is to grant a debtor a fresh start as expeditiously as possible, and "would extend both the 120 days and the statute of limitations of every cause of action indefinitely." *Petrucelli*, 46 F.3d at 1306 n. 7.

*See also Dreier v. Love (In re Love)*, 232 B.R. 373, 379 (Bankr.E.D.Tenn.1999).

In *Barr*, due to a clerical worker's mistake, the plaintiff failed to properly serve a nondischargeability complaint on the defendant. The plaintiff admitted that proper service was not made upon the defendant within the 120-day limit, nor was the summons served within 10 days of its issuance. The Defendant acknowledged receipt of the multiple pleadings, including a motion for default judgement. Despite a lack of good cause for the improper service, using its discretion, the court extended the deadline for service. The expired statute of limitations, the lack of bad faith by the plaintiff, the actual notice by the defendant, and the lack of action by the defendant despite knowledge, were all important in the courts determination.

There is no allegation that the Plaintiff was not acting in good faith, was engaged in abuse or unduly dilatory tactics, or tried to lull the Debtor into a default judgement. Plaintiff's counsel's errors in failing to properly effectuate service were clearly technical and easily rectifiable. The Debtor took no action to advise the Plaintiff of the defect in service. Although the court is not finding that a defendant has a responsibility to notify a plaintiff of defects in service, the Debtor and his counsel were admittedly aware of the filed action and time limits in this case. Further, there has been no prejudice alleged by the Debtor on account of the Plaintiff's inability to effectuate service. Prejudice in this context contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent the Debtor from presenting his case.

*Barr*, 217 B.R. at 631.

A different result was reached in *In re Love*. In *Love*, the plaintiff received a summons, filed a certificate of service certifying service, but failed to serve the defendant. Thereafter, the plaintiff filed a Motion for Default. In response, the defendant filed a Special Appearance for the limited Purpose of responding to the motion. In his response, the defendant raised the issue of improper service. At the hearing on the motion, the plaintiff's attorney acknowledged the problems with service, indicated a knowledge of the law, and assured the court that proper service would be made. After the expiration of the 120 days, service was not properly made and the defendant sought to dismiss

the case. The court, using its discretion, granted the dismissal.[3]

### Conclusions

1. Service on Defendant by the expired summons is quashed.

2. There is no pleading or proof that the Plaintiff was not acting in good faith, or intentionally engaged in dilatory tactics. The parties had entered into an agreed order of continuance on the trial. There was no prejudice shown to Defendant by the ineffective service. If the motion to dismiss were granted, applicable limitations would bar the refiled action. The motion to dismiss is overruled subject to Plaintiff securing an alias summons and properly effectuating service within thirty days of entry of the Bankruptcy Rule 9021 judgment regarding this opinion.

---

**3.** The *Love* court also opines that a creditor in this predicament also has an additional bite at the apple if it can fit within the excusable neglect standard. 232 B.R. at 380–381.