UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-3269
Summary Calendar
_____


ROY McGINNIS,

                                    Plaintiff-Appellant,

                    versus

DONNA SHALALA, M.D., Secretary
of Health and Human Services,

                                    Defendant-Appellee.

                * * * * * * * *

                _____

                No. 92-3568
                Summary Calendar
                _____


PEGGY MUSMECI,

                                    Plaintiff-Appellant,

                    versus

DONNA SHALALA, Secretary
Department of Health and Human Services,

                                    Defendant-Appellee.

_____

Appeals from the United States District Court for the
            Eastern District of Louisiana
                    CA 91 2440 E
_____
                August 11, 1993

Before GARWOOD, JONES and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:

Roy McGinnis (McGinnis), appellant in No. 92-3269, and Peggy Musmeci (Musmeci), appellant in No. 92-3568, both filed suit against the Secretary of Health and Human Services (the Secretary) seeking judicial review of his denial of their claims for disability benefits. In each case, the district court dismissed the action under Federal Rule of Civil Procedure 4(j) for failure to effect service of process within 120 days of the filing of the complaint. The two cases were consolidated for appeal due to the similarity of facts and issues of law. We affirm.

## Facts and Proceedings Below

The facts of these cases are sufficiently similar that they can be described in tandem. McGinnis and Musmeci (collectively, appellants) filed their complaints against the Secretary on July 5 and July 17, 1991, respectively. Both were represented by counsel Harry E. Forst. Forst sent copies of the summons and complaints by certified mail to the United States Attorney in New Orleans, the United States Attorney General, and the Secretary. The United States Attorney received these service attempts on or about July 16, 1991 (McGinnis), and July 23, 1991 (Musmeci), and shortly thereafter informed appellants by letter that their attempts at service were defective and that he would not file an answer or

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

other pleading until properly served. Forst had summons reissued in both cases on October 21, 1991, which was still within the 120-day period, but failed to effect proper service on the United States Attorney until December 9, 1991. On December 4, 1991, the Secretary moved to dismiss the actions under Rule 4(j) on the ground that more than 120 days had lapsed since appellants had filed their complaints. Each case was automatically referred pursuant to local rule to a magistrate judge and thereafter traveled a slightly different path to this Court.

The magistrate judge reviewing McGinnis' complaint filed a report and recommendation in which she recommended that the government's motion to dismiss be denied. The district court, however, ordered that the government's objections to the report be maintained and granted the government's motion. The magistrate judge in Musmeci's case issued a finding and recommendation recommending that the government's motion to dismiss be granted. The district court adopted the recommendation and dismissed Musmeci's complaint. Both McGinnis and Musmeci timely appealed their dismissals.

### Discussion

Rule 4(j) of the Federal Rules of Civil Procedure provides:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

It is undisputed in this case that appellants failed properly to serve process within the 120-day period. Rule 4(d)(4) requires

3

*inter alia* that in suits against the United States a copy of the summons and complaint be *delivered* to the United States Attorney for the district in which the action is brought (and a copy properly *mailed* to the Attorney General in Washington, D.C.). "Service" by mail on the United States Attorney does not suffice under Rule 4(d)(4). *Prisco v. Frank*, 929 F.2d 603 (11th Cir. 1991); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990). Thus, appellants failed properly to serve the United States Attorney when they sent their summons and complaints by certified mail. Appellants do not dispute this. When they finally did effect proper service on December 9, 1991, the 120-day period had long expired, as both suits were filed in mid-July of 1991.

Appellants argue that, because they had good cause for failing to effect timely service of process, it was error for the district courts to dismiss their complaints. They also argue that the government waived any defect in service. Finally, Musmeci (only) argues that, because the magistrate judge in her case presided as an Article III judge under 28 U.S.C. § 636(c), the district court lacked jurisdiction to consider a matter appealable to this Court. Each of these arguments lacks merit.

Under Rule 4(j), dismissal of a plaintiff's complaint is required in the absence of a showing of good cause why service was not timely made. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985). In such cases, the plaintiff bears the burden of proving good cause. *Id*. at 1305. We review a district court's ruling as to the absence of good cause for abuse of discretion only. *McDonald,* 898 F.2d at 468; *George v. United*

4

*States Department of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Appellants' counsel argues that the good cause requirement is satisfied in this case because he acted in good faith at all times and because he had the summons and complaints reissued before the expiration of the 120-day period and gave them to his secretary to serve. We cannot agree. We have said that good cause "would appear to require *at least* as much as would be required to show excusable neglect," *Winters*, 776 F.2d at 1306 (original emphasis), and that "[a]ctions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the 120 day period for service." *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990); *accord McDonald*, 898 F.2d at 467; *Winters*, 776 F.2d at 1306.[1] We have also sustained dismissals for defective service on grounds that the plaintiff received adequate notice of the defect. *Traina*, 911 F.2d at 1157; *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013-14 (5th Cir. 1990). Here, appellants' counsel learned that his initial efforts at service of process were defective soon after the United States Attorney received the complaints and summons. Yet he waited months before he had the summons reissued on October 21, 1991. Even then, he

---

[1]   *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 113 S.Ct. 1489 (1993), cited by appellants in a supplemental brief, does not alter our analysis. That case interpreted Bankruptcy Rule 9006(b)(1), which empowers a court in Chapter 11 proceedings to permit a creditor to file a late proof of claim upon a showing of excusable neglect. In our view, the mode of analysis appropriate to Rule 9006(b)(1) is not necessarily appropriate to Rule 4(j) if only because the standard articulated in Rule 4(j) is *good cause*, not *excusable neglect*.

still had three weeks to serve process, but failed to do so. That appellants' counsel had instructed his secretary to serve the papers upon the United States Attorney (explained as a desire to avoid the cost of hiring a process-server) is surely not good cause or (even) excusable neglect. The record reflects that the United States Attorney's office in New Orleans is only a few blocks away from the office of appellants' counsel. The district court in McGinnis' case ruled that his failure to effect timely service "is attributable solely to his own neglect." The court in Musmeci's case found "no reasonable basis" for her failure to properly serve the United States Attorney. It was well within the discretion of these courts to rule that appellants had not demonstrated good cause.

Contrary to appellants' argument, it is not determinative that the delivery of the summons and complaints by certified mail gave the government sufficient notice or actual knowledge of the suit. Rule 4(j) requires service to be timely made unless good cause for the delay is shown. It is likewise not determinative that the government was not prejudiced by the late service. Finally, it is not determinative that, by virtue of the applicable statutes of limitations, appellants' suits will now be time barred. We have rejected this argument in prior cases and must do so again now. *Traina*, 911 F.2d at 1157; *McDonald*, 898 F.2d at 468; *Winters*, 776 F.2d at 1307.

Appellants also make three arguments to the effect that the government waived the requirements of Rule 4(j). First, McGinnis argues that, because the magistrate judge in his case issued a

6

briefing schedule (on July 11, 1991), the government's failure to oppose the briefing schedule caused him to believe that it had waived any defect in service. The briefing schedule could not have misled McGinnis, however, because it was issued *before* the insufficient service was performed. Nor was the government under any obligation to object to a briefing order in a case in which it had not properly been served. Second, appellants argue that the government waived any service defects because it did not file a motion to dismiss or an answer raising defective service as an affirmative defense. The government, however, is under no obligation to take either step within the 120-day period. Indeed, until that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature. Finally, appellants argue that the letters sent to them by the United States Attorney's office waived Rule 4(j) because the letters "acknowledged" receipt of the summons and complaints. These letters cannot even arguably be read as waivers, however, because the United States Attorney stated therein that "[i]t will be necessary for you to serve our office pursuant to Rule 4 since we are not authorized by the Attorney General to waive proper service of process."

Finally, there is no merit to Musmeci's contention that the district court lacked jurisdiction to review the decision of the magistrate judge and therefore that the appeal from the magistrate judge's decision should have been directly to this Court. A magistrate judge may act in the capacity of a federal district court under 28 U.S.C. § 636(c) *only* upon the express, written

7

consent of both parties. FED. R. CIV. P. 73(b); *Archie v. Christian*, 808 F.2d 1132, 1137 (5th Cir. 1987) (en banc). Musmeci argues that, by asking the magistrate judge rather than the district court to dismiss the case, the government consented to final disposition by the magistrate judge. As noted, however, consent to trial by magistrate judge must be *express*; we have "refused to 'infer this statutorily required consent from the conduct of the parties.'" *Mendes Junior Int'l Co. v. M/V SOKAI MARU*, 978 F.2d 920, 922 (5th Cir. 1992) (quoting *Caprera v. Jacobs*, 790 F.2d 442, 445 (5th Cir. 1986)). *See also EEOC v. West Louisiana Health Servs., Inc.*, 959 F.2d 1277, 1281 (5th Cir. 1992) ("Consent to trial by a magistrate under section 636(c) cannot be implied."). Accordingly, the district court's assumption of jurisdiction was not error.

## Conclusion

For the foregoing reasons, the judgments of dismissal are

AFFIRMED.

8