### Lee Sharon HOLLING, Petitioner,

v.

### UNITED STATES of America, Respondent.

No. 95–X–72263–DT.

United States District Court,
E.D. Michigan,
Southern Division.

May 17, 1996.

Douglas A. McKinney, Auburn Hills, MI, for petitioner.

S. Robert Lyons, Tax Division, U.S. Department of Justice, Washington, DC, for respondent.

*OPINION AND ORDER REQUIRING DOUGLAS A. MCKINNEY TO PAY $3,000 TO THIS COURT BY JUNE 6, 1996 AND REPRIMANDING MCKINNEY FOR SANCTIONABLE CONDUCT*

DUGGAN, District Judge.

---

### Background[1]

On November 27, 1995, this Court issued an "Opinion and Order Denying Petition to Quash Summons and Denying Partial Motion to Dismiss and Granting Partial Motion for Enforcement." On February 6, 1996, this Court issued an "Opinion and Order Granting Respondent's Motion for Sanctions and Ordering Matter to Magistrate Judge to Recommend an Appropriate Sanction." In the latter Opinion and Order, this Court noted:

> [i]n determining the appropriate sanction, the Magistrate Judge should consider McKinney's[2] withdrawal of the petition to quash as to the M & M summons and should limit any award of sanctions to those based on McKinney's argument that his client was not subject to 26 U.S.C. § 7602. The Magistrate Judge shall *not* consider McKinney's argument that Kaminski[3] lacked authority to issue the summonses. Pursuant to Fed.R.Civ.P. 11(c)(2), sanctions imposed under Rule 11 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

Op. & Order at 7 n. 12 (Feb. 6, 1996) (emphasis in original).

On February 23, 1996, respondent filed a memorandum in support of sanctions seeking in part $25,000 payable to the Court from McKinney. On March 6, 1996, petitioner filed a memorandum in response, arguing in part that McKinney is unable to pay a $25,000 award and that the "least sever [*sic*] penalty of a reprimand and admonishment along with some compulsory education would fully serve the purpose and intent of Rule 11 in the case at bar." (Pet'r's Mem. in Resp. at 6, 7).

On March 13, 1996, respondent filed a reply memorandum. On April 25, 1996,

Magistrate Judge Paul J. Komives issued a report and recommendation (R & R) on the matter recommending that the Court impose monetary sanctions against McKinney in the amount of $3,000 and issue a formal reprimand of McKinney's conduct.[4] Petitioner filed several objections to the R & R. Under 28 U.S.C. § 636(b)(1)(C), this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

### Discussion

■ Petitioner contends that the R & R failed to consider the fact that McKinney has "never been found to engage in improper conduct in the past despite being engaged in the practice of law since 1983...." (Pet'r's Objs. ¶ 1). In *Ortman v. Thomas*, 906 F.Supp. 416 (E.D.Mich.1995), this Court stated that "[i]n fashioning an appropriate sanction, the court *may* consider past conduct of the individual responsible for violating Rule 11." *Id.* at 421 (emphasis added). Neither this Court or the Magistrate Judge was therefore required to consider McKinney's past "sanction-free" record. Based on McKinney's practice of law for thirteen years, his argument found sanctionable in this Court's February 6, 1996 Opinion and Order is more egregious.

The Magistrate Judge did not improperly consider conduct not found to be sanctionable by this Court but instead followed this Court's instructions. *See* Op. & Order at 7 n. 12 (Feb. 6, 1996).[5] Moreover, the Magistrate Judge gave sufficient weight to McKinney's ability to pay. (R & R at 8). Petitioner's only "evidence" of his financial ability lies in the following statements: "[McKinney] is a

---

1. Additional background on this case can be found in the Court's previous two Opinions and Orders issued Nov. 27, 1995 and Feb. 6, 1996.

2. Douglas A. McKinney is petitioner's counsel.

3. Gary Kaminski is a revenue agent with the IRS who investigated petitioner's potential tax liability.

4. Though respondent did not seek a reprimand against McKinney, McKinney himself suggested a reprimand and admonishment as an alternative

sanction to a substantial monetary penalty. *See* Pet'r's Mem. in Resp. at 7.

5. As to McKinney's subsequent arguments to the Sixth Circuit, *see* R & R at 11, this Court may consider such conduct. *See Ortman*, 906 F.Supp. at 421. McKinney cannot argue that the Court should consider his past exemplary conduct but ignore any derogatory conduct.

sole practitioner as of April 1, 1995. The total amount of net compensation received in 1995 was less than $35,000.00 from this solo practice. [McKinney] is married with three children to support." (Pet'r's Mem. in Resp. at 6). Based on his 1995 income from his solo practice alone, McKinney argues that he is financially unable to pay the $25,000 sanction award sought by respondent. The Magistrate Judge found that "in light of McKinney's claim that he made less than $35,000 from his law practice in 1995, a sanction of $25,000 is likely beyond his ability to pay...." (R & R at 8).

The Magistrate Judge was not required to express a reason to sanction McKinney twice that of the *Coleman* rule, *see Coleman v. Commissioner*, 791 F.2d 68 (7th Cir.1986), and did not recommend an unduly harsh sanction by recommending a monetary sanction *plus* a formal reprimand. In *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987), the Court held that "in deciding the nature and extent of sanctions to impose, the district court is given wide discretion." *Id.* at 401. The Magistrate Judge went to great lengths to determine the amount of monetary sanctions; the Court therefore upholds that recommendation. The Court similarly upholds the Magistrate Judge's recommendation that McKinney be formally reprimanded.[6]

Deterrence is the principal goal of Rule 11 sanctions. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989). While this Court should impose the "least severe sanction" likely to deter, *id.*, the Court believes that the Magistrate Judge's recommendations comport with *Jackson's* dictate. McKinney, a seasoned attorney, raised numerous arguments in this action determined by the Magistrate Judge and this Court to be frivolous. The Court recognizes that the present sanctions award is limited to the frivolity of the legal argument that petitioner was not subject to 26 U.S.C. § 7602. However, contrary to McKinney's statement that "[b]ased upon the record it would appear doubtful that either party or the Court gave the sanctioned conduct serious consideration or devoted any significant work towards disposing of that claim", *see* Pet'r's Mem. in Resp. at 6, the Court spent considerable time and effort weeding through each of petitioner's frivolous arguments, including the one at issue here.

Accordingly,

**IT IS ORDERED** that McKinney pay the Court $3,000 by June 6, 1996, the one-year anniversary of the filing of petitioner's petition to quash summonses.[7]

McKinney is admonished for his assertion of frivolous legal arguments and is warned that his advocacy will receive strict scrutiny in future cases in this Court. McKinney is hereby reprimanded for what was at the least a careless reading of the case law. *See Traina v. United States*, 911 F.2d 1155, 1158 (5th Cir.1990).

---

6. "[E]nforcing Rule 11 is the judge's duty, albeit unpleasant. A judge would do a disservice by shying away from administering criticism ... where called for." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir.1988).

7. The Court recognizes that McKinney requested "sufficient time" to satisfy any monetary award imposed by the Court. As the Court granted respondent's motion for sanctions in early February, the respondent sought $25,000 in sanctions from McKinney in late February, and the Magistrate Judge recommended that a $3,000 award be imposed against him in late April, McKinney should have been preparing for the disbursement of some monies to the Court. The Court believes, therefore, that June 6, 1996 is fair and appropriate date. Moreover, the Court does not want to drag these proceedings on any further.