United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2005

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

───────────────

m 04-10795

───────────────

LAWRENCE J. WARFIELD,
AS RECEIVER FOR RESOURCE DEVELOPMENT INTERNATIONAL, ET AL.,

Plaintiff-Appellee,

VERSUS

ROBERT L. BYRON, ET AL.,

Defendants,

KIRK V. EDWARDS, LARRY EDWARDS, ROBERT EDWARDS, SHERRI EDWARDS,
ROGER HETCHLER, SHARYN MEENDERINCK, JIM SMITH, AND KATHY THAUT,

Defendants-Appellant.

───────────────

Appeal from the United States District Court
for the Northern District of Texas
m 3:02-CV-1371-R

───────────────

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

This case is ancillary to the "Underlying Lawsuit,"[1] in which the SEC contends that a number of business enterprises controlled and operated an illegal Ponzi scheme. At the SEC's request, the district court appointed Lawrence Warfield as Receiver for the business entities, including Resource Development International, LLC ("RDI"). The court ordered Warfield to collect, receive, and take exclusive custody, control, and possession of the defendants' assets in the Underlying Lawsuit.

As part of his investigation into the Underlying Lawsuit, the Receiver discovered that Kirk Edwards, Larry Edwards, Robert Edwards, Sherry Edwards, Roger Hetchler, Sharyn Meenderinck, Jim Smith, and Kathy Thaut (collectively, the "Edwards Defendants") either participated actively in facilitating investments in the scheme or received assets belonging to the defrauded investors without exchanging any value. The Receiver then filed the instant case against the Edwards Defendants.

The district court granted the Receiver's motion for partial summary judgment against the Edwards Defendants and entered a final judgment. The Edwards Defendants filed a motion under rule 60(b)(4) of the Federal Rules of Civil Procedure. This appeal ensued after the district court had denied the motion.

I.

The Edwards Defendants do not dispute their involvement in the Ponzi scheme. Proceeding *pro se*, they present a lengthy argument that is completely devoid of merit. They contend that district courts of the United States ("DCUS") are the only federal courts with jurisdiction to hear claims arising under the Securities Act of 1933[2] ("Securities Act") and the Securities Exchange Act of 1934[3] ("Exchange Act"). DCUS are courts vested with article III judicial power. The Edwards Defendants contend that the portions of the Act of June 25, 1948, codified at 28 U.S.C. § 1 *et seq.*, create the mistaken impression that DCUS are synonymous with United States District Courts ("USDC").

The argument continues as follows: Congress promulgated title 28 ostensibly to allow all prior violations of federal law to be prosecuted in USDC, which are not, the Edwards Defendants argue, article III tribunals (but DCUS are). For want of jurisdiction, therefore, claims arising under the Securities and Exchange Acts may not constitutionally proceed in USDC. Finally, according to this tortured reasoning, we would lack jurisdiction, under 28 U.S.C. § 1291, to entertain appellate review of all USDC decisions within the Fifth Circuit (but we would retain jurisdiction over DCUS decisions).

Ordinarily, we will not consider arguments

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *SEC v. Res. Dev. Int'l, LLC*, No. 02-0605 (N.D. Tex.).

[2] 15 U.S.C. §§ 77a et seq.

[3] 15 U.S.C. §§ 78a et seq.

that were not presented to the district court.[4] Where the argument involves subject matter jurisdiction, however, waiver does not preclude us from considering the matter on appeal.[5] We deem the Edwards Defendants' argument without merit, and we decline to invalidate much of the last sixty years of securities litigation because the "D's" and "C's" are capitalized differently in different statutes. Both original jurisdiction and appellate jurisdiction are properly exercised in this case.

## II.

The Edwards Defendants argue that "there were multiple flaws in the institution of the underlying prosecution by the administrative agency, due process [sic], which is a necessary element of subject matter jurisdiction [sic]; and subsequent orders and complaint of [Warfield], which rendered them [sic] defective." They contend specifically that (1) they were not afforded notice and opportunity to be heard at the administrative level; (2) no clerk's seal was originally placed on the summons as to defendants; (3) the judgments have been obtained by jurisdictionally fatal fraud; and (4) the absence of final judgments in the Underlying Lawsuit nullifies the district court's subject matter jurisdiction. These points are without merit.

At the outset it is worth noting two things. First, the Edwards Defendants lack standing to raise many of the following claims stemming from the Underlying Lawsuit, because none of these arguments relates to the district court's subject matter jurisdiction over the SEC's complaint.[6] Second, the dominant theme of the Edwards Defendants' opening brief is its improper attempt to cast a variety of procedural irregularities and substantive legal disagreements as defects in subject matter jurisdiction. Rule 60(b)(4) is the vehicle for this chicanery: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding [because] the judgment is void."

## A.

We review the district court's decision on a Rule 60(b)(4) motion *de novo*. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (1998). Where the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion; the judgment is either void or it is not. *See Recreational Props., Inc. v. Southwest Mortg. Serv. Corp.*, 804 F.2d 311, 313-14 (5th Cir.1986). As we explain below, however, we do not apply a strict *de novo* review to every procedural irregularity.[7]

---

[4] *See Little Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

[5] See *In re Canion*, 196 F.3d 579, 585 (5th Cir.1999) ("It is well settled . . . that the subject matter jurisdiction of a federal court can be challenged at any stage of the litigation (including for the first time on appeal), even by the party who first invoked it.").

[6] Appointment of a receiver is generally subject to collateral attack only in instances of fraud or on appeal of the initial appointment. *See Miller v. Hockley*, 80 F.2d 980, 983 (4th Cir. 1936) ("That the action of the Court [appointing a temporary receiver] cannot be attacked collaterally is virtually the unanimous holding in the decisions on this point.").

[7] *See infra* notes 10-12.

3

**B.**

The Edwards Defendants attack the Receivership Order because the SEC allegedly failed to comply with 5 U.S.C. § 557(c), a provision of the Administrative Procedure Act ("APA"). This argument is frivolous, because the APA's notice and hearing requirements do not apply to trial *de novo* in court.[8] The SEC initiated the relevant legal action; it did not adjudicate it (nor did it conduct a hearing of the sort the APA contemplates).

**C.**

The Edwards Defendants contend that the SEC Complaint failed to invoke the district court's subject matter jurisdiction because the complaint lacked the court clerk's seal. They further argue that the absence of such a seal invalidates the district court's *in personam* jurisdiction because copies mailed between districts could not bear that seal. Finally, they aver that the seal's absence from the summons invalidates the district court's *in personam* jurisdiction.

The claim that 28 U.S.C. § 1691, through its reference to "process," contemplates a complaint is incorrect.[9] Moreover, the Receiver properly secured the clerk's signature and seal for certified copies of the Complaint and Receivership Order ("Order") in both the Eastern and Western Districts of Washington. In each case then, the clerk signed and sealed the documents.

The Northern District of Texas uses an embossed seal on photocopying, meaning that the absence of a visible seal on a photocopy does not demonstrate that a seal was not on the original. Moreover, each summons was undeniably signed by the clerk. The presence or absence of the clerk's signature on the summons may or may not be disputable, but this is of no moment, for such defects are not fatal if they do not prejudice the defendant.[10] In the instant case, they do not.[11] For many of

---

[8] Section 556 applies to hearings required by §§ 553-554.

[9] That statute states: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." The supplemental notes in 28 U.S.C.A. § 1691 contain a cross reference to FED. R. CIV. P. 4. A close reading of the rule reveals that the seal requirement applies only to the summons, not to the complaint. None of the cases the Edwards Defendants cite stands for the proposition for which it is cited.

[10] This circuit does not appear to have ruled on the quantum of prejudice arising from a defective seal necessary to create the type of jurisdictional defect that would render the district court proceeding void. The law in other circuits suggests that defects that do not prejudice the defendant are considered irregularities rather than jurisdictional defects.

In *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), the court held that the mere presence of an incorrect responding time in a summons is not a jurisdictional defect and does not warrant a dismissal. Another circuit ruled along those same lines where the summons failed to state any responding time at all. *See Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 899-900 (11th Cir. 1990). The absence of any showing of prejudice by the defendant was, in each case, a key factor. Moreover, there is no analytic justification for a different inquiry into prejudice with respect to court orders, which fall within the purview of § 1691's reference to "process."

[11] We acknowledge that inquiry into prejudice might be read in tension with the *de novo* review
(continued...)

4

the same reasons, we reject the argument that the absence of the seal on certified copies of the Order nullifies the district court's jurisdiction.[12]

[11](...continued) requirement for certain motions under rule 60(b)(4). We conclude that the circumstances surrounding the absence of a seal on photocopies, although a "jurisdictional defect" in some sense, does not, without prejudice, rise to the level of deficiency that would render a legal proceeding void for want of *in personam* jurisdiction, the condition that requires us to vacate the judgment.

Indeed, rule 60(b) sets forth no specific standard of review; that standard is located in the caselaw. Although that caselaw indeed indicates that decisions under rule 60(b)(4) should be subject to judicial review, those holdings, as we note above, always seem premised on the rule 60(b)(4) error rising to a level rendering the entire district court proceeding void.

The parties provide little guidance on this issue and concern themselves almost exclusively with the merits of the procedural defect claim. If there is any caselaw, published or unpublished, to the contrary, the Edwards Defendants do not identify it.

Alternately, the Receiver argues that factual determinations, such as the presence or sufficiency of a seal, require an abuse of discretion review. For that proposition the Receiver cites *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990). *McDonald*, however, involves a procedural irregularity considered in the context of a FED. R. CIV. P. 4(j) motion to dismiss. Despite the obvious differences in legal authority for the two motions ( those under rule 4(j) and those under rule 60(b)(4)), we see no reason to distinguish our review of the facts surrounding a procedural irregularity in those two contexts.

### D.

The Edwards Defendants argued in their rule 60(b)(4) motions that the Receiver's failure to identify all Receivership Assets[13] within thirty days of his appointment, and to submit to the district court a report about those assets, created a jurisdictional defect voiding the Receiver's appointment. The Edwards Defendants cite no authority on this issue, but only cross-reference the record).

The Receivership Order, issued in March 2002, states:

[12] The Edwards Defendants argue that the Receiver did not comply with 28 U.S.C. § 754 by failing to affix a seal to the certified copies. Section 754 does not, on its face, require certification or the affixation of a seal:

A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in a different district shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof . . . . Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754.

[13] The district court's Order Appointing Receiver defines "Receivership Assets" as "the assets, monies, securities, [causes of] action, and properties, real and personal tangible and intangible, of whatever kind and description, wherever situated [the Edwards Defendants]."

5

The Receiver is hereby directed to file with this Court and serve upon the parties, within 30 days after this Order, a preliminary report setting out the identity, location and value of the Receivership Assets, and any liabilities pertaining thereto. Further, . . . he shall recommend . . . whether . . . claims against [various defendants] should be adjudged in the Bankruptcy Court.

The Order clearly contemplates a preliminary report sufficient to give guidance as to the appropriate forum in which to pursue certain claims arising from the Ponzi scheme. The Receiver satisfied this burden. Moreover, there is no cited authority for the proposition that a failure to meet the terms of the order would create a jurisdictional defect.

E.

Finally, the Edwards Defendants urge that, because no final judgments have been entered in the Underlying Lawsuit, the Receiver's authority to seize assets cannot "relate back" to the authority derived from the Underlying Lawsuit.[14] The Edwards Defendants cite no authority and make no argument for how the "relation back doctrine" should apply here.

Divining the Edwards Defendants' precise legal theory on this issue is unnecessary, because the assumption that there have been no final judgments in the Underlying Lawsuit is incorrect. Permanent Injunctive relief has issued against every defendant in the Underlying Lawsuit except William Whalen. The

Interlocutory Default Judgment entered against these defendants leaves only the amount of disgorgement against each defendant for final determination. The Edwards Defendants' argument that the resolution to the Underlying Lawsuit somehow violated due process is pure speculation and, even if it did violate due process, it would not bear on the subject matter jurisdiction in this case.

F.

The Edwards Defendants advance several other theories in their *pro se* briefs.[15] Although the arguments discussed in the previous subsections are confused and poorly supported, these other issues, as briefed, are utterly unintelligible. We consider them waived for inadequate briefing.[16]

AFFIRMED.

---

[14] The Edwards Defendants state that the "relation back doctrine" controls government interest in private property where a claim arises out of an obligation imposed by law. The relation-back doctrine actually refers generally to a broad set of principles, each of which operates differently depending on the legal context in which they appear.

[15] Specifically, they argue that "absent notice [a] preliminary injunction may not be imposed" and that the "Receiver lacks venue."

[16] *See* FED. R. APP. P. 28(a)(9)(A); *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) (noting the rule); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (invoking the rule where a litigant failed adequately to argue the issue).