United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

05-10070
Summary Calendar
_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

RESOURCE DEVELOPMENT INTERNATIONAL LLC; ET AL,

Defendants,

DAVID EDWARDS; JAMES EDWARDS; GERALD J. STOCK,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas
02-cv-605

_____

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants challenge the district court's denial of their motion to vacate its final judgment against Appellants. For the reasons that follow, we affirm the final judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. **Background**

On March 25, 2002, the Securities and Exchange Commission ("SEC") filed a complaint against eleven defendants and four relief defendants in the United States District Court for the Northern District of Texas. Three of the defendants have appealed the final judgment in the case: James Edwards ("J. Edwards"), David Edwards ("D. Edwards"), and Gerald J. Stock ("Stock") (collectively the "Appellants"). The complaint alleged that Appellants violated the registration and anti-fraud provisions of the federal securities laws by engaging in a scheme to defraud investors of almost $100 million. In addition to the complaint, the SEC filed: (1) an Application for Appointment of Receiver, (2) an Application for Issuance of Preliminary Injunction and *Ex Parte* Temporary Restraining Order and orders freezing assets, requiring an accounting, requiring preservation of documents, repatriation of assets, surrender of passports, and authorizing expedited discovery (the "TRO Application"), (3) a memorandum and exhibits in support of these applications, and (4) a Certificate under FED. R. CIV. P. 65(b).

The district court, on March 25, 2002, granted both SEC applications and appointed a temporary receiver ("Receiver") (1) to take control of Appellants' assets, (2) to require Appellants to deliver their assets to the Receiver, and (3) to enjoin Appellants from (a) disturbing these assets, (b) interfering with the

2

operations of the Receiver, or (c) filing a bankruptcy action. In addition, the clerk issued summonses for the SEC to serve on Appellants. J. Edwards and Stock were served on March 27, 2002, and D. Edwards on March 28, 2002.

On March 27, 2002, the district court issued an amended TRO ordering Appellants to produce an accounting within ten days. A hearing was held on April 11, 2002, at which time the court issued a Preliminary Injunction Order (the "Injunction"). Among other things, the Injunction required Appellants to produce an accounting within seventy-two hours.

On April 18, 2002, D. Edwards and J. Edwards filed a document captioned "Response by Special Visitation," and Stock filed an identically captioned document on April 24, 2002. On May 7, 2002, the court granted the SEC's motion for an interlocutory default judgment against Appellants permanently barring them from violating the federal securities laws.

On March 26, 2002, J. Edwards withdrew $28,900 from his bank account. On March 29, 2002, D. Edwards removed business records and had a locksmith change the locks on his office, which had been seized by the Receiver. J. Edwards and D. Edwards were served with an order requiring their presence at a May 8, 2002, hearing. Neither Appellant attended. The district court held both Appellants in civil contempt, and struck their respective "Response by Special Visitation" filings because their actions violated the

3

court's orders.  Stock filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Wisconsin on May 24, 2002.  He was served with an order requiring his presence at a July 22, 2002, hearing.  Stock did not attend.  The court also held Stock in civil contempt for failing to attend the hearing and for instituting a bankruptcy action in violation of the court's orders and struck Stock's "Response by Special Visitation."

On October 1, 2002, the court denied the Edwardses' motion to vacate the interlocutory judgment.  On November 10, 2004, the court issued a final judgment against the Appellants.  On January 10, 2005, Appellants filed notices of appeal.  Two days later, the district court denied the Edwardses' motion to vacate final judgment.

## II. <u>Discussion</u>

We review *de novo* a challenge to the subject matter jurisdiction of the district court.  *Robinson v. TCI/US West Communc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).  A question about subject matter jurisdiction may be presented at any time by any party.  FED. R. CIV. P. 12(h)(3); *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).

Appellants raise three subject matter jurisdiction arguments in their appeal.  Their attempts to characterize certain due

4

process arguments as subject matter jurisdiction arguments fail. First, J. Edwards and D. Edwards assert that the "United States District Courts" are unconstitutional as only the "district courts of the United States" are valid. They argue that Congress replaced Article III district courts with the United States District Courts through its Act of June 25, 1948, Pub. L. 773, 62 Stat. 869 ("the Act"). Claiming Congress created new, unconstitutional courts, J. Edwards and D. Edwards contend the district court lacked jurisdiction. Not only does it use the two terms interchangeably, the Act, in section 2(b), emphasizes that the courts therein referenced "shall be construed as continuations of existing law." The Supreme Court, in reference to the Act, has stated that "no changes of law or policy are to be presumed from changes of language in the revision unless an intent to make such changes is clearly expressed." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 227 (1957) (discussing the Act). Moreover, we addressed this exact argument in *Warfield v. Byron* and "decline[d] to invalidate much of the last sixty years of securities litigation because the 'D's' and 'C's' are capitalized differently in different statutes." 137 Fed. Appx. 651, 654 (5th Cir. 2005) (unpublished). Therefore, the argument is rejected.

Second, Appellants claim the SEC should have held an administrative hearing before filing the action against them in federal district court. Appellants argue that the failure to do so

5

meant the SEC lacked standing to bring the action and the district court accordingly lacked jurisdiction. We disagree. The SEC brought the action under the Securities Act of 1933 and the Securities Exchange Act of 1934, which both entitle the SEC to bring actions against securities defendants in the first instance in federal district court. 15 U.S.C. §§ 77t(b), 78u(d)(1) (2000).

Third, Stock argues he was charged with violating a regulation that was never published in the Federal Register, and therefore the charge was invalid and the court lacked jurisdiction. Stock was charged with violating 17 C.F.R. § 240.10b-5, which was published in the Federal Register. Consequently, Stock's argument fails.

Appellants also raise a number of due process arguments on appeal. Their arguments are not addressed, however, because Appellants waived their due process arguments by failing to raise them below. "Failure to raise a due process objection before a district court waives that objection on appeal." *Newby v. Enron Corp.*, 394 F.3d 296, 309 (5th Cir. 2004). Not only did they fail to raise a due process argument below, Appellants failed to file an answer to the complaint or a motion to dismiss. Appellants filed documents entitled "response[s] by special visitation" after the twenty-day period allotted for serving answers by Federal Rule of Civil Procedure 12(a). Moreover, this document was stricken by the district judge. In sum, having waived any due process arguments, Appellants have not preserved them for appeal.

6

## V. <u>CONCLUSION</u>

Appellants raise three subject matter jurisdiction arguments on appeal. Each argument fails. Appellants also waived their due process arguments. For the foregoing reasons, we AFFIRM the final judgment.