IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10885
Summary Calendar

UNITED STATES SECURITIES AND EXCHANGE COMMISSION

Plaintiff - Appellee

v.

GERALD LEO ROGERS, also known as Jay Rogers, also known as Jay
Rodgers

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-cv-00415

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gerald Leo Rogers appeals the district court's grant of summary judgment
in favor of the U.S. Securities and Exchange Commission ("SEC") in its civil
enforcement action against Rogers for violations of the anti-fraud and
registration provisions of the federal securities laws. 15 U.S.C. §§ 77e & 77q.
The district court permanently enjoined Rogers from violating these securities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

laws in the future, ordered the disgorgement of $10,959,181 in fraudulent gains, and imposed a civil penalty of $120,000 for his violations. On appeal, Rogers argues that (1) the district court lacked subject matter jurisdiction over the SEC's claims against him, (2) the SEC lacks standing to pursue the claims, (3) the SEC lacks statutory authority to pursue the claims, and (4) the district court erred in denying certain discovery requests. Because no genuine issues of material fact preclude the grant of summary judgment, we affirm.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Greenwell v. State Farm Mut. Auto Ins. Co., 486 F.3d 840, 841 (5th Cir. 2007). Because Rogers is pursuing this appeal pro se, we apply less stringent standards in interpreting his arguments than we would in the case of a counseled party. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

Rogers's first argument is that Congress limited jurisdiction over enforcement actions under the Securities Act of 1933 and the Securities Exchange Act of 1934 to a single district court – the United States District Court for the District of Columbia. Rogers's jurisdictional argument is meritless and has been rejected by this court before. See SEC v. Res. Dev. Int'l LLC, 160 F. App'x 368, 370 (5th Cir. 2005) (unpublished). The Acts authorize the SEC to bring civil enforcement actions in any "district court of the United States," 15 U.S.C. §§ 77t(b), 78u(d)(1), which includes the United States District Court for the Northern District of Texas, 28 U.S.C. § 124.

Rogers's second argument is that the SEC lacks standing to pursue the claims against him because the Commission has not suffered a "personal injury" and has no "personal stake" in the outcome of the litigation. Congress may confer standing on federal agencies to bring enforcement actions under its statutes. See Dir., Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co., 514 U.S. 122, 133 (1995). It has explicitly done

so with the SEC under the relevant acts. §§ 77t(b), 78u(d)(1). Thus, this argument is also meritless.

We reject Rogers's third argument as well. The district court found that the investment scheme utilized by Rogers qualified as a "security" under both Acts and Rogers has pointed to no record evidence that would undermine that finding. Instead, he argues that his investment contracts were exempt from the Securities Act. See § 77c(a). But the exemptions set forth in Section 77c do not apply to the anti-fraud provisions of that Act. § 77q(c). Further, Rogers has failed to point to any evidence in the record that would create a genuine issue of fact as to whether his investment contracts would qualify for the exemption. He has failed to carry his burden on this issue. See SEC v. Ralston Purina Co., 346 U.S. 119, 126 (1953).

Finally, Rogers challenges the district court's denial of several discovery requests. We review the district court's discovery rulings for an abuse of discretion. Atkinson v. Denton Publ'g Co., 84 F.3d 144, 147 (5th Cir. 1996). The district court denied as overbroad and irrelevant Rogers's motion to compel the SEC to produce every document pertaining to every investigation, prosecution, or enforcement action against him by any federal agency since 1960. The district court also denied as abusive Rogers's attempt to subpoena the opposing counsel, Court receiver, and seven unidentified individuals. Finally, the district court denied Rogers's motion to strike the SEC's claims as a sanction for allegedly failing to answer certain interrogatories because it found that the SEC's failure had not been willful or in bad faith. Our review of the record and Rogers's arguments reveals that the district court did not abuse its discretion by denying these discovery requests.

The judgment is AFFIRMED.