**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

No. 11-60573

Lyle W. Cayce
Clerk

KERI M. TOWNS,

Plaintiff-Appellant

v.

NORTHEAST MISSISSIPPI ELECTRIC POWER ASSOCIATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:09-CV-136

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keri M. Towns appeals from the district court's grant of summary judgment in favor of her former employer, Northeast Mississippi Electric Power Association ("NEMEPA"), on her claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* The issue is whether Towns gave NEMEPA adequate notice of her need for FMLA leave. Having reviewed the record de novo and in the light most favorable to Towns as the non-movant, *see Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 841 (5th Cir. 2007), we conclude

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that fact issues remain as to whether Towns provided NEMEPA with sufficient notice under the FMLA. We therefore REVERSE the district court's judgment and REMAND for further proceedings.

Towns began work at NEMEPA as a cashier in 2006. She began experiencing pain and swelling in her hands and arms in July or August 2007. On September 12, 2007, the pain was severe enough for Towns's supervisor, Linda Liggins, to instruct Towns to see a doctor. That same day, Dr. Coon diagnosed Towns with carpal tunnel syndrome and referred her to Dr. Boyd, an orthopedist. Dr. Boyd examined Towns the next day, prescribed medication, and instructed Towns to return in sixty days. Towns pursued a workers' compensation claim for the carpal tunnel condition. On September 14, 2007, Towns called Dr. Boyd's office to complain that her medication was not providing relief. She was informed that she did not have carpal tunnel but rather had a pre-existing bone disease known as Kienbock's Syndrome. On September 21, 2007, Towns's workers' compensation claim was denied based on Dr. Boyd's diagnosis of a pre-existing condition.

On September 26, 2007, Towns was seen by Dr. Shaun Helmut, who diagnosed Towns with bilateral arm pain and spasms. Towns was approved for thirteen weeks of short term disability leave, with payments extending until January 1, 2008. Towns arranged for the short term disability by submitting disability forms from Dr. Helmut to Selena Crabb at NEMEPA. Crabb was the executive secretary for the general manager and was responsible for administering both short term disability benefits and FMLA leave.

Because Towns also disputed the denial of her workers' compensation claim, she was referred to Dr. Jeffrey Cole. Upon examining Towns on October 9, 2007, Dr. Cole released her to light duty status with restrictions on the use of her arms. Towns attempted to return to work the next day, October 10, but was unable to perform her duties because she could not lift her left arm. According

to Towns's testimony, Liggins advised Towns to contact her doctor because she could not work.  Arlin Spence, the office manager, also told Towns to call her doctor.  Towns spoke with Dr. Cole's nurse, who told her that Dr. Cole could not change her work restrictions.

Towns did not return to work after October 10, 2007.  She continued collecting short term disability benefits and was seen by more doctors.  On October 25, 2007, Dr. Cole released Towns to full duty pending a neurologic exam.  The next day, October 26, neurologist Dr. Thomas Windham, examined Towns and wrote that Towns "[n]eeds further studies [and is u]nable to work [at] this time."  Dr. Rommel Childress, an orthopedic surgeon, saw Towns on November 1 and November 8, 2007, and diagnosed her with bilateral carpal tunnel syndrome and upper nerve entrapment.  Towns testified that during this time period she kept in constant contact with her supervisor Liggins, who was aware of Towns's situation.  Liggins also testified that Towns kept Liggins updated on her medical status by telling Liggins "she was going to the doctor and . . . what the doctor was saying."

On December 26, 2007, a few days before Towns's short term disability was to end, NEMEPA sent Towns a termination letter stating, "we no longer have a position available for you."  In April and June 2008, Towns had carpal tunnel surgery on her right and left hands, respectively.  She filed suit against NEMEPA in 2009, alleging *inter alia* violation of the FMLA because NEMEPA terminated her instead of offering her FMLA leave.  The district court granted NEMEPA summary judgment, concluding that Towns failed to provide NEMEPA with sufficient notice that her condition entitled her to leave under the FMLA.

Towns argues on appeal that the district court erred in granting summary judgment to NEMEPA.  She contends that she provided sufficient information about her serious medical condition for NEMEPA either to grant her FMLA

leave or to inquire further about her need for leave before terminating her. According to Towns, NEMEPA should have offered her FMLA leave when her short term disability ended. Towns contends that she provided NEMEPA with notice of her condition and the need for FMLA leave when she spoke with Selena Crabb. She further argues that NEMEPA was also apprised of her serious medical condition because she had been approved for short term disability and she had detailed discussions about her condition with her supervisor Liggins, the office manager Spence, and the general manager Robert Collier.

NEMEPA argues that Towns never attempted to pursue FMLA leave because she sought short term disability instead. Towns continued to contest the workers' compensation case and chose to remain on paid leave while litigating the extent of her disability. According to NEMEPA, Towns's need for leave was therefore foreseeable, but Towns failed to comply with company policy requiring an employee to give her department head thirty days' notice of the need for FMLA leave. It argues that because Selena Crabb was not a department head, Towns's discussions with Crabb or other co-workers about her condition were insufficient. Because we must resolve uncertainties in favor of Towns, we conclude that there is a fact issue as to what Towns told Crabb and, consequently, the adequacy of Towns's notice to NEMEPA about her medical condition.

Under the FMLA, an eligible employee is permitted twelve weeks of unpaid leave each year if the employee is unable to work because of a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). If an employee's need for leave is foreseeable, the Act requires the employee to provide the employer with thirty days of notice. *Greenwell*, 486 F.3d at 842 (citing 29 C.F.R. § 825.302). For unforeseeable absences, the employee must provide notice "'as soon as practicable.'" *Id.* (quoting 29 C.F.R. § 825.303(a)). The adequacy of an employee's notice of the need for leave is dependent on the facts and

No. 11-60573

circumstances of each case. *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995).

"An employee need not expressly assert rights under the FMLA or even mention the FMLA." *Saenz v. Harlingen Med. Ctr., L.P.*, 613 F.3d 576, 583 (5th Cir. 2010); *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 417 (5th Cir. 2006). "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir. 1998) (internal quotation marks, citation, and emphasis omitted). The employee must provide such information about her condition as will make it evident that the FMLA is implicated. *Id.* at 981. The burden will shift to the employer to make further inquiry as to whether the leave qualifies for FMLA protection. *Id.* at 982 (citing *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1433–36 (11th Cir. 1997)); *see also Willis*, 445 F.3d at 417 (noting under regulations the employer's responsibility to designate leave as FMLA-qualifying); 29 C.F.R. § 825.303(b) ("The employer will be expected to obtain any additional required information through informal means.").

In the present case, Towns testified that she inquired about FMLA leave from Selena Crabb but that such leave was never offered to her by NEMEPA. She testified that Crabb claimed not to know about the FMLA. In contrast, Crabb testified that Towns asked her about "FMLA short term disability," which are two different things. According to Crabb, because Towns clarified that she was interested only in paid, short-term leave, Crabb gave Towns the short term disability forms. For purposes of summary judgment, we must accept Towns's version of events.

The district court held that even if Towns asked Crabb about FMLA leave, Crabb was only the secretary to the general manager rather than the "department head" to whom notice of FMLA leave must be given under

5

NEMEPA's company policy. But Crabb expressly testified that *she* was responsible for FMLA leave, and that she also would suggest to employees that they take FMLA leave. She further testified that Towns would have been eligible for FMLA leave after her short term disability ended if Towns had supporting medical documentation. Towns had such documentation, but Crabb never asked her for further information. General Manager Robert Collier also testified that Towns was eligible for FMLA leave and that the leave would have been offered to Towns if she had requested it. Because the evidence conflicts both as to what Towns told Crabb and who had responsibility for FMLA leave, we think there is a fact issue as to whether Towns made an adequate request for FMLA leave from NEMEPA by speaking to Crabb.[1] *See, e.g., Hopson v. Quitman Cnty. Hosp. & Nursing Home, Inc.*, 126 F.3d 635, 637 (5th Cir. 1997) (adequacy of notice for FMLA purposes may present issue of fact depending on circumstances).

Towns did continue to litigate her workers' compensation claim, and at one point she also contacted the general manager, Collier, about coming back to work on light duty status. These facts could suggest that Towns was not interested in unpaid FMLA leave, and that NEMEPA was unaware of a diagnosis that precluded Towns from working. On the other hand, it is not surprising that an employee would want to be paid for as long as possible, either through workers' compensation or short term disability. An employer is not required to be clairvoyant about the employee's need for FMLA leave due to an inability to work. *See Satterfield*, 135 F.3d at 980 (holding that employee did not provide adequate notice where employee's mother informed employer only that employee

---

[1] It is also not clear from the record when Towns may have spoken to Crabb about FMLA leave. Crabb testified that Towns asked about "FMLA short term disability . . . [o]nly at the beginning" when Towns was first out. Towns testified that she asked about "FMLA leave." We cannot tell from this record whether Crabb and Towns were referring to the same inquiry or two different inquiries.

could not work because of pain but wanted to make up the missed time, and employee made no attempt to update the employer on her status or her pending doctor's appointment). But the facts and circumstances as articulated by Towns suggest that a reasonable jury could conclude that Towns would have pursued FMLA leave had Crabb inquired further and provided her with that opportunity. Because we believe that there is a fact issue as to whether Towns provided NEMEPA with sufficient notice of her need for FMLA leave, the district court's judgment is reversed and the case is remanded for further proceedings.[2]

REVERSED AND REMANDED.

---

[2] NEMEPA argues that we may affirm the district court's judgment on the alternative ground that Towns's FMLA claim is barred by the doctrine of *res judicata* because of an earlier suit that Towns filed against NEMEPA. Upon review of the facts alleged in each complaint, however, we agree with the district court that Towns's earlier suit, which alleged a violation of the Fair Labor Standards Act ("FLSA"), did not arise from the same nucleus of operative facts as the FMLA claim. *See, e.g., Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (setting forth the test for *res judicata*). Contrary to NEMEPA's argument, Towns did not claim in both suits that her 2007 termination was wrongful but under different legal theories. Although both claims implicated Towns's employment with NEMEPA generally, the critical allegations of the FLSA claim were that NEMEPA failed to pay Towns for hours performed outside of normal hours and lacked a policy to account for hours worked before or after an employee's shift. The FMLA claim alleged that NEMEPA terminated Towns when she was still eligible for twelve more weeks of leave. The factual scenarios of the two actions are not parallel. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).